UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT LOVETTE,

                Plaintiff,

vs.                       Case No.  2:04-cv-522-FtM-29SPC

HAPPY HOOKER II, In Rem, CAPT. TIM
WICBURG d/b/a HAPPY HOOKER CHARTERS,
and   ROGER   PLATH/SALT   WATER
ADVENTURES, LLC, alter egos,

                Defendants.

_____

**<u>ORDER</u>**

      This matter comes before the Court on various motions in limine.  The motions are resolved as set forth below.

    **1.  Plaintiff's First Motion in Limine (Doc. #70):** The Court declines to rule as a matter of law that the complaints constituted notice to each defendant of a demand for maintenance and cure.  The Court also declines to decide that the complaints are admissible, preferring to hear any argument concerning admissibility and possible redaction when the items are sought to be admitted.  The jury instructions will be discussed in a charge conference, and will not be decided in a motion in limine.  Plaintiff's First Motion in Limine (Doc. #70) is therefore **DENIED.**

    **2.  Plaintiff's Second Motion in Limine (Doc. #79):** It appears that the five insurance-related documents may be relevant to the

claims currently before the Court.   The Court prefers to resolve the admissibility of the documents at trial, after having heard the evidence admitted up to that point and the arguments of counsel as to alleged prejudice.   Plaintiff's Second Motion in Limine (Doc. #79) is **DENIED.**

3.   **Plaintiff's Third Motion in Limine (Doc. #88):**   Plaintiff seeks a ruling that he may request prejudgment interest from the jury.   Based upon the law submitted by both parties, the Court is not in a position to determine whether such prejudgment interest will be available from the jury until after it hears the evidence. As to the percentage rate, the state statutory rate would appear to be the proper measure of any prejudgment interest.   Plaintiff's Third Motion in Limine (Doc. #88) is **DENIED.**

4.   **Saltwater Adventures, LLC and Happy Hooker II's First Motion in Limine (Doc. #95):** Defendants object to the qualification and testimony of plaintiff's proposed expert witness, a "salty dog" named Captain Henry G. Ceely.   Federal Rule of Evidence 702 governs the admissibility of expert testimony, and states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the case.

In <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999) and <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993) the Court held that the trial court had a "gatekeeper" function to ensure that any and all expert testimony is both relevant and reliable. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." <u>Club Car, Inc. V. Club Car (Quebec) Import, Inc.</u>, 362 F.3d 775, 780 (11th Cir. 2004). <u>See also</u> <u>United States v. Hansen</u>, 262 F.3d 1217, 1234 (11th Cir. 2001). "The burden of laying a proper foundation for the admissibility of an expert's testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." <u>Hall v. United Ins. Co. Of Am.</u>, 367 F.3d 1255, 1261 (11th Cir. 2004); <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1256 (11th Cir. 2002).

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. <u>United States v. Hansen</u>, 262 F.3d 1217, 1234 (11th Cir. 2001); <u>City of Tuscaloosa v. Harcros Chems., Inc.</u>, 158 F.3d 548, 563 (11th Cir. 1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, <u>or</u> education. <u>United States v. Bennett</u>, 368 F.3d 1343, 1356 (11th Cir. 2004).

The Court is satisfied from the record that Captain Ceely is adequately qualified to testify as an expert witness as to seaworthiness and negligence in this case.  The Court finds that Captain Ceely is not qualified to testify about whether the lease agreement constituted a bareboat charter, ownership *pro hac vice*, or the handling of plaintiff's claims under the insurance policy. Saltwater Adventures, LLC and Happy Hooker II's First Motion in Limine (Doc. #95) is **GRANTED IN PART** to the extent that Captain Ceely will not be allowed to testify beyond the areas of seaworthiness and negligence.

**5. Plaintiff's Fourth Motion in Limine (Doc. #103):** Plaintiff seeks to exclude evidence that, because of the refusal to provide maintenance and cure, he "self medicates" by smoking one or two marijuana cigarettes during the evening.  This seems to the Court to be relevant to plaintiff's credibility as a witness at trial and not unduly prejudicial given plaintiff's linkage of the marijuana use to the damages involved in this case.  Plaintiff's Fourth Motion in Limine (Doc. #103) is **DENIED.**

**6. Plaintiff's [Fifth] Motion in Limine (Doc. #104):** It does not appear that plaintiff's failure to file tax returns is relevant to this case or his credibility in general.  This may change depending upon the testimony concerning lost earnings damages. Defendant's shall not inquire into the subject without prior

approval of the Court.  Plaintiff's [Fifth] Motion in Limine (Doc. #104) is **GRANTED**.

It is so **ORDERED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of January, 2006.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record